WILLIAM A. STEWART V. EDWIN BOLE.

FILED JANUARY 23, 1901.   No. 11,636.

1. **Pleading**: DEMURRER: MOTION. The indefiniteness of a pleading
   is no ground for demurrer, but the point should be raised by
   motion to make more definite and certain.

2. **Official Misconduct**: ABSTRACTION OF BALLOTS. It is official mis-
   conduct for a county clerk to permit to be abstracted from his
   office ballots committed to his official care which were cast
   at the last preceding election.

3. ———: DEFENSE: EVIDENTIAL VALUE OF BALLOTS. He can not
   urge as a defense to a proceeding to remove him from office
   that the ballots so abstracted possessed no evidential value.

ERROR from the district court for Hitchcock county.
Tried below before NORRIS, J.   *Affirmed.*

*W. R. Starr* and *John T. McClure*, for plaintiff in error.

*Webster S. Morlan*, contra.

NORVAL, C. J.

This was a proceeding instituted before the county
board of Hitchcock county, by an elector of that county,
to remove from the office of county clerk one W. A. Stew-
art, under the provisions of article 2, chapter 18, Com-

piled Statutes, to which office he had been duly elected. The complaint filed contained two charges, one accusing him of having permitted one John W. Cole to take certain ballots of Hitchcock county, cast at the last general election, from the office of said clerk and mutilate them, to prevent them from being used as evidence in a certain quo warranto proceeding then pending in the district court of said county, the other making the same charge, except that he is accused of aiding and assisting said Cole and one Brown in so taking said ballots. On a hearing Stewart was adjudged guilty of a willful neglect of duty and removed from office, and he brings the record here on error from the district court of said county, that court having affirmed the findings of said board.

But two errors on the part of the lower court are alleged, one going to the sufficiency of the pleading, the other to the weight and sufficiency of the evidence. We will examine the objection to the pleading first. As the same objection applies to both charges, it is unnecessary to copy both, and we will therefore content ourselves with setting out the first, which, omitting the matters of inducement, follows:

"Said accused as such county clerk has been guilty of willful neglect of duty.

"Specification 1. On the 31st day of January, 1900, there was and ever since has been, and now is, pending in the district court of said county, a certain action wherein one Henry Lehman is relator and the said accused is respondent; said action being a quo warranto proceedings instituted by the said Henry Lehman for the purpose of ousting said accused from his said office as county clerk of said county, and in said action the ballots, poll-books, and returns from the various election precincts of said county, used and voted at the general election held on the 7th day of November, 1899, were material and necessary evidence for the said relator to maintain his said cause of action and said accused at the time of entering upon the duties of his said office,.

Stewart v. Bole.

to-wit: on the 4th day of January, 1900, received from his predecessor in office and had in his custody as said county clerk the ballots and poll-books used and voted at said general election, and as such officer it was his duty to safely keep and preserve said poll-books and ballots for a period of twelve months from the time of said election. At the time said accused received said ballots and poll-books on said 4th day of January, 1900, said ballots and poll books were in packages securely bound and sealed and delivered into the care and custody of said accused on said 4th day of January, 1900, in the office of the county clerk of said county and said accused well knowing the premises, knowingly, wilfully and unlawfully, for the purpose of destroying said evidence permitted one John W. Cole, the attorney for said accused in said quo warranto proceedings, to take from and away from the office of the county clerk of said county, said ballots and retained away from said office in the sole custody of him the said John W. Cole for the space of two days, during which time the said John W. Cole, with the knowledge and consent of said accused, broke the seals of the packages containing said ballots and opened and examined said ballots and otherwise mutilated and destroyed said ballots and then deposited the same by the side of a public highway in the open prairies of said county at a great distance from the office of the county clerk of said county, to-wit: about six miles, and there left said ballots without the same being in the custody or charge of any one, or all of which was done with the knowledge and consent of said accused and for the purpose of mutilating and destroying said ballots and preventing them from being used as evidence in the quo warranto proceedings herein before mentioned."

It is contended the complaint is insufficient, in that it did not charge that Stewart permitted this act of taking the ballots from his office to be done upon some certain day between the time he was inducted into office and the day the complaint was filed. It is doubtless true

that the complaint did not designate the day the act complained of was committed. But, in the absence of a motion to make more definite, it was sufficient, particularly as the evidence fixes the time on a day subsequent to his having been inducted into office. It is not claimed that the indefiniteness complained of in anywise misled Stewart in his defense; hence there was no prejudicial error in overruling the demurrer to the complaint, or in overruling objections to the introduction of evidence upon the trial. Moreover, the complaint discloses that the abstracted ballots first came into Stewart's hands on January 4, 1900, therefore the act charged must have been committed after that date and between the time he took the office and the filing of the complaint, which was sufficient.

The second assignment of error urged in the brief is that the district court erred in affirming the findings and judgment of the county board, for the reason that they are not supported by sufficient proof. The evidence is too long to quote, but in our opinion it was ample upon which to base the findings of the county board. Part of the evidence is substantially this: Cole was employed as the attorney for respondent in the quo warranto proceedings mentioned in the complaint. On the 31st day of January, 1900, Stewart purposely left his office open and went across and down the street, thus affording Cole an opportunity to enter the office; and it appears that the latter did so during said clerk's absence, taking with him an empty grip, or "telescope"; that at the time he entered said office the ballots were in a box in the vault of said office and accessible to him; that soon after Cole left said office the ballots were missed, and an examination disclosed the fact that they had been taken from said office; that the next day an officer, in whose hands had been placed a warrant for the arrest of Cole on the charge of stealing the ballots, met him, after dark, on a road several miles from the county seat; that upon being asked to stop, he failed

Stewart v. Bole.

to do so, but urged his horses forward, and was not apprehended until at the end of a hard chase of a half mile or more. That after he was arrested and brought to the county seat, a search of the route over which the chase extended, disclosed the missing ballots, in a gunny sack, lying near the road over which his team had run. This evidence, and much more, not abstracted, connected Cole with the ballots and also was sufficient to show that Stewart, the interested party in the quo warranto proceeding, gave Cole opportunities for the theft of the ballots. There was also further evidence that immediately after the arrest of Cole he and Stewart, with others, met in consultation, during which Cole assured them that they were in no danger of conviction, because "they had no evidence; that the loopholes were too big, too wide and too many," and that all that was necessary for them to do was for certain factions to stand together and try to throw suspicion as to the missing ballots upon a certain other faction in the county, by making it appear that the latter faction had taken the ballots, and that they would come out safely. Certainly, such evidence, if believed by the county board, was amply sufficient to sustain its finding that this clerk had been guilty of willful neglect of his duty in failing to keep in his custody said ballots.

It is, however, contended that, as it was shown by the evidence that the plaintiff in the quo warranto proceedings, Lehman, had, on a night prior to the time the ballots were sealed and placed in the custody of Stewart, slept in the same office where the vault containing them was located, the ballots being unsealed; that this rendered them incompetent as evidence in the quo warranto proceedings; and it would therefore be no dereliction of duty to permit or connive with Cole in abstracting them from the vault, they being only so much "waste paper." A sufficient answer to that objection is that the evidence on the question of whether the vault was accessible to Lehman is conflicting, there being evidence to the effect

that the vault was locked, and that he had no key that would unlock it; hence the mere fact that he slept in this office, with the vault containing the ballots locked, would not render them incompetent. Furthermore, the act of the attorney of accused in abstracting these ballots from the vault and keeping them at a distance from the county seat for two days, ending in an effort to get them out of sight when caught with them in his possession, would indicate that up to that time the ballots were considered of value somewhat above that of "waste paper," at least. Moreover, whether the ballots were competent evidence or not is wholly unimportant. They were committed to Stewart's official care and keeping, and he had no legal or moral right to permit them to be abstracted, no matter what might have been their value as evidence. The argument advanced by Stewart in justification of his conduct, carried to its legitimate extent, would sustain him in destroying any record in the county clerk's office that was of no evidential value. To him the law had not committed the power of determining the evidential value of records in the county clerk's office.

The district court was entirely right in sustaining the finding of the county board, and the judgment of the court below is

AFFIRMED.